**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JUNE GRAVES,

                Plaintiff,

vs.                                           Case No.  3:11-cv-667-J-MCR

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED** and the case is remanded for further proceedings.

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on January 16, 2007, alleging an inability to work since January 16, 2006.  (Tr. 21).  Following the denial of her claim, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"), which was held on April 2, 2009.  (Tr. 26).  The ALJ issued a decision on June 29, 2009 finding Plaintiff was not disabled.  (Tr. 19-26).  Plaintiff timely

---

       [1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 12).

requested review of the ALJ's decision and on May 5, 2011, the Appeals Council denied review, making the ALJ's decision the Commissioner's final determination. (Tr. 1-4). Plaintiff timely filed her Complaint in the U.S. District Court for review of the Commissioner's decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Basis of Claimed Disability

Plaintiff claims to be disabled since January 16, 2006, due to left leg pain and reflex sympathetic dystrophy syndrome[2] ("RSD", also known as "CRPS")[3]. (Tr. 165).

### B. Summary of Evidence Before the ALJ

Plaintiff was sixty years old at the time of the ALJ's decision. (Tr. 30). She has a bachelor's degree and past work experience as a clerk typist and data entry clerk. (Tr. 31, 166). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

Prior to Plaintiff's disability onset date, she had a history of knee pain and underwent left knee replacement surgery in January 2006. (Tr. 279-90, 348-60, 363-65, 379-80). After her knee replacement surgery, Plaintiff continued to suffer from knee pain and received treatment from Dr. Ban Pham. (Tr. 472-729, 908-66). In July 2006, Plaintiff reported hot and cold sensitivity and right knee pain due to altered gait with the

---

[2] Reflex Sympathetic Dystrophy Syndrome is a chronic pain syndrome most often resulting from trauma to a single extremity. SSR 03-2p. Diagnostic criteria for RSD includes: swelling, changes in skin color and texture, increased sweating, and abnormal hair growth. Id.

[3] The terms "RSD" and "CRPS" are completely synonymous. SSR 03-2p.

left knee.  Examination revealed that sensory of the lower extremities was decreased with light touch and pinprick left lateral knee.  (Tr. 636-39).  Additionally, Plaintiff had left foot discoloration and decreased range of motion of the shoulder and knee.  Plaintiff was diagnosed with rule out cervical herniated disc, cervical radiculopathy, acute myofascial strain cervical, degenerative disc disease cervical, spondylosis of the cervical spine, cervical sprain, and left knee derangement.  (Id.).

From August 28, 2006 through January 2007, Plaintiff received multiple therapies, acupuncture, and trigger point injections.  (Tr. 729-845).  From January 2007 through June 2007, Plaintiff continued her treatment with Dr. Pham for chronic knee pain.  (Tr. 472-88, 655-728, 862-63).  On January 18, 2007, Dr. Pham opined that post-operatively, Plaintiff developed possible RDS versus neuropathic pain syndrome.  Her condition was severe and she required ongoing chronic pain management.  (Tr. 728).  Dr. Pham indicated that Plaintiff was unable to maintain even less than sedentary job duties.  (Id.).

On June 6, 2007, Dr. Pham completed a form opining Plaintiff had an antalgic gait secondary to severe sensory deficit of the left lower extremity.  (Tr. 862-63).  She suffered from severe discoloration, cold sensitivity to the left knee and left lower extremity associated with pain to touch and tenderness.  Motor findings included decreased range of motion of the left knee and decreased knee flexion and extension.  (Id.).

On March 20, 2007, Plaintiff was examined by state agency physician Dr. William Choisser. (Tr. 418-22). Examination revealed slight coolness on the left lower extremity, with more weight bearing on the right side. Plaintiff was diagnosed with RSD of the left lower extremity as a post-operative complication with intolerance to temperature changes. (Id.).

Dr. Ferdinand Formoso treated Plaintiff from 2007 through March 2009. (Tr. 877-904, 1139-61). Examination revealed hyperesthesia and paresthesia of the left L3-5 and positive sacroiliac joint region tenderness. Plaintiff was diagnosed with RSD of the left lower limb. (Tr. 903-04).

Plaintiff underwent a lead placement for a trial of a spinal cord stimulator ("SCS") in February 2008. (Tr. 897-98). On May 23, 2008, Plaintiff underwent a surgical implant of epidural electrodes. (Tr. 886-88). She also had an implant of spinal neurostimulator and fluoroguide for spine injections. (Tr. 1155-61). From November 2008 through March 31, 2009, Plaintiff was treated on a monthly basis for chronic lower extremity pain. (Tr. 1140-48).

Between September 2008 through February 2009, Plaintiff was treated by Dr. Heekin and Dr. Kevin Murphy for right knee pain. (Tr. 975-94). On November 3, 2008, Plaintiff underwent a right knee arthroscopy with partial medial meniscectomy, partial lateralmeniscectomy, abrasion chondroplasty of patella and medial femoral condyle, synovectomy and large joint injection. (Tr. 975-76). In February 2009, Plaintiff continued to report pain of the right knee. (Tr. 987-88).

### C. Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. § 404.1520. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 16, 2006, the alleged onset date. (Tr. 21). At

step two, the ALJ found Plaintiff suffered from the following severe impairments: status post arthroplasty of the left knee with RSD, status post right knee arthroscopy with chrondroplasty and synovectomy, and status post gastric bypass surgery. (Tr. 21-23). At step three, the ALJ found Plaintiff did not have an impairment, or combination of impairments, that met or equaled any listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

The ALJ further determined Plaintiff, on or prior to her date last insured and through the date of his decision, had the residual functional capacity ("RFC")[4] to perform a range of sedentary work as defined in the regulation.[5]  Specifically,

> during a normal 8-hour day, [Plaintiff] can lift/carry 10 pounds occasionally and 5 pounds, frequently; she can sit up for 6 hours and stand/walk for up to 2 hours, with the opportunity to stand briefly once every 30 minutes with the use of a cane to balance; she cannot climb, kneel or crawl, but can balance, stoop or crouch; she cannot be exposed to heights, hazards, cold or vibration, but can occasionally be exposed to heat.

(Tr. 23-25). In reaching this conclusion, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of her alleged symptoms not completely credible. (Tr. 24-25).

---

[4] The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations. 20 C.F.R. §§ 404.1545. The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation. Id.

[5] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a).

At the hearing, the ALJ utilized the testimony of a vocational expert (the "VE"). The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations. Based on the hypothetical questions posed, the VE testified Plaintiff could perform her past sedentary work as a clerk typist and data entry clerk. (Tr. 25-26). Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 26).

## III.   ANALYSIS

### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the

Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B. Issues on Appeal

Plaintiff raises three issues on appeal. First, Plaintiff argues the ALJ erred in failing to properly consider Dr. Pham's treating opinion (Doc. 16, pp. 10-16). Second, Plaintiff contends the ALJ erroneously found Plaintiff not completely credible. (Id. at 16-22). Third, Plaintiff argues that the Appeals Counsel improperly declined review of the ALJ's decision (Id. at 22-25). The Court will address each of these issues.

### 1. Whether the ALJ erred in failing to properly consider Dr. Pham's treating opinion.

Plaintiff contends the ALJ failed to explain the weight accorded to the opinion of Dr. Pham, Plaintiff's treating pain management physician. (Doc. 16, pp. 10-16). Plaintiff asserts that due to the nature of her RSD, the ALJ's failure to discuss Dr. Pham's opinion was clear error. (Id.).

The pathogenesis of RSD is not entirely understood, and it is not a Listed Impairment under the Regulations. The Social Security Administration has recognized both of these facts and has issued a Ruling, SSR 03-2p, to explain its policies for

developing and evaluating disability claims based on RSD. Brooks v. Barnhart, 428 F. Supp. 2d 1189, 1192 (N.D. Ala. 2006). The Ruling states, in relevant part:

> Claims in which the individual alleges RSDS/CRPS are adjudicated using the sequential evaluation process, just as for any other impairment. Because finding that RSDS/CRPS is a medically determinable impairment requires the presence of chronic pain and one or more clinically documented signs in the affected region, the adjudicator can reliably find that pain is an expected symptom in this disorder. Other symptoms, including such things as extreme sensitivity to touch or pressure, or abnormal sensations of heat or cold, can also be associated with this disorder. Given that a variety of symptoms can be associated with RSDS/CRPS, once the disorder has been established as a medically determinable impairment, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities.

SSR 03-2p (citations omitted).

Additionally, the Ruling recognizes RSD as a chronic pain syndrome that may progress beyond the limb or body area originally involved and which manifests in intense pain that is out of proportion to the precipitating injury. Brooks, 428 F. Supp. 2d at 1192; see also SSR 03-2p. The Ruling also recognizes that the pattern of the symptoms may not be entirely consistent due to the "transitory nature of the objective findings and the complicated diagnostic process involved." Id. The Ruling states: "Transient findings are characteristic of RSD/CRPS, and do not affect a finding that a medically determinable impairment is present." Id. For this reason the medical opinions of treating physicians, particularly those with a longitudinal perspective, should be

accorded great deference and weight. Brooks, 428 F. Supp. 2d at 1192. The Ruling states, in relevant part:

> Medical opinions from treating sources about the nature and severity of an individual's impairment(s) are entitled to *deference* and *may be entitled to controlling weight. If* we find that a treating source's medical opinion on the issue of the nature and severity of an individual's impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, *the adjudicator will give it controlling weight.*

SSR 03-2p (emphasis added, citations omitted).

Here, the ALJ did not even consider that Dr. Pham issued an opinion - let alone analyze it in accordance with SSR 03-2p. Notably, on January 18, 2007, Dr. Pham opined that Plaintiff's condition was severe and she required ongoing pain management. (Tr. 728). He added that Plaintiff was unemployable and was unable to maintain less than sedentary job duties. (Id.). Even if the ALJ had found that Dr. Pham's opinion was not sufficiently detailed, the ALJ was not permitted to ignore the opinion. Based on SSR 03-2p and the regulations, the ALJ should have recontacted Dr. Pham for additional details. SSR 03-2p specifically provides that "conflicting evidence in the medical record is not unusual in cases of RSDS due to the transitory nature of its objective findings and complicated diagnostic process involved." "Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources." Id.

To the extent the Commissioner argues that the ALJ's failure to make specific findings and/or include Dr. Pham's limitations was harmless (Doc. 17, p. 10), this argument is rejected. Where, as here, the "harmless error" analysis would require the court to re-weigh the evidence or make factual findings, the Eleventh Circuit has rejected the "harmless error" argument as speculation. See e.g., Phillips v. Barnhart, 357F.3d 1232, 1243 (11th Cir. 2004); Moore v. Barnhart, 405 F.3d 1208, 1213-14 (11th Cir. 2005); Nyberg v. Comm'r of SSA, 179 Fed. Appx. 589, 592 (11th Cir. 2006). Additionally, the law is clear in RSD cases that the ALJ was required to analyze and make findings of fact as to all medical opinions of record that conflicted with the ALJ's RFC assessment. Accordingly, on remand, the ALJ must evaluate Dr. Pham's opinion and accord it proper weight.

### 2.  Whether the ALJ erroneously found Plaintiff not completely credible.

Plaintiff contends that the ALJ erred in discrediting her testimony. (Doc. 16, pp. 16-22). Specifically, Plaintiff argues that the ALJ failed to properly consider her statements regarding sensitivity to air conditioning and severe pain. (Id.).

In determining whether or not a claimant is disabled, the ALJ must consider all of a claimant's symptoms, and "the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529. When a claimant attempts to establish disability through her own testimony of subjective pain symptoms, the ALJ must apply the Eleventh Circuit's three-part pain standard:

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, 67 F.3d at 1560. Once both prongs of the pain standard are satisfied, "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." Id. at 1561. Thus, at this stage the ALJ must consider a claimant's subjective testimony of pain. Id. at 1560.

Properly evaluating subjective complaints of pain is especially essential, and complicated, when the claimant suffers from RSD. Valdora v. Comm'r of Soc. Sec., 2009 U.S. Dist. LEXIS 109523, 2009 WL 4126194 (D.N.J. Nov. 23, 2009). As noted above, "[a] diagnosis of RSDS requires the presence of complaints of persistent, intense pain that results in impaired mobility of the affected region," with the degree of pain often "out of proportion to the severity of the injury." Id. It is the pain, and not the triggering injury, that has the potentially disabling effect. SSR 03-2p. That pain is "transitory" and can "spontaneously occur[]." Id. Consequently, SSR 03-2p repeatedly reminds reviewing officers to carefully consider "the effects of pain and its treatment on an individual's capacity to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 03-2p; see also SSR 96-7p; SSR 96-8p.

-12-

In the instant case, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of her alleged symptoms not completely credible. (Tr. 24-25). As a general matter, subjective pain is difficult to prove by objective medical evidence; this is particularly true in RSD cases where a diagnosis necessarily hinges on a plaintiff's subjective symptoms. Hunt v. Astrue, 2009 U.S. Dist. LEXIS 48075, at *18, 2009 WL 1519543, at *6 (C.D. Cal. May 29, 2009). The ALJ is not free to reject Plaintiff's statements about the intensity and persistence of her pain based solely on a lack of objective medical evidence. SSR 96-7p(4). As the medical authorities and SSR 03-2p state, RSD is a disease for which objective findings can be minimal. Thus, the proper evaluation of plaintiff's subjective pain testimony is crucial. Additionally, a conservative degree of treatment does not warrant discrediting a plaintiff suffering from RSD. Hunt, 2009 U.S. Dist. LEXIS 48075, at *21-24, 2009 WL 1519543, at *7-9.

Here, the Court finds the reasoning given by the ALJ for finding Plaintiff not credible is not well founded. First, the ALJ stated that none of Plaintiff's treating physicians opined she is disabled. (Tr. 25). This misstatement is likely the result of the ALJ's failure to properly consider Dr. Pham's opinion, as stated above.

Second, the ALJ seems to imply that a worker's compensation award letter somehow constitutes a medical opinion. (Tr. 25, 136). To the contrary, the letter at issue simply advises the person receiving benefits that they can return to work "without any effect on your schedule award payments." The Court does not consider this a medical opinion regarding Plaintiff's ability to return to work.

Third, the ALJ relies on a single medical note from Dr. Formoso indicating that there was "no change in [Plaintiff's] pain" and decreasing his Lyrica dosage to discredit Plaintiff's testimony. (Tr. 1141). However, Dr. Formoso's records range from August 2008 through March 2009. (Tr. 1139-62). During that time, Plaintiff continued physical therapy and her medications were adjusted regularly. Records in November 2008 reveal edema in both extremities and left knee sensitivity. (Tr. 1150). In December 2008, she was experiencing weakness, loss of range of motion, pain, stiffness, and medication side effects of fatigue and confusion. (Tr. 1147). On March 31, 2009, Plaintiff's pain levels were still high. (Tr. 1139). Thus, the ALJ's reliance on a single progress note to the exclusion of the rest of Dr. Formoso's records is erred.

Finally, the ALJ discredits Plaintiff's testimony because she testified that she went on a twelve day bus tour in 2007, but had her leg elevated and covered with a blanket at the hearing on April 2, 2009. (Tr. 25). Although this behavior may seem inconsistent, the ALJ did not ask Plaintiff whether she elevated her leg on the bus tour, how frequently she stopped, what the temperature was, or whether she had to use a blanket to cover up. The ALJ's reliance on a statement that she went on a bus tour without more is insufficient to discredit her.

Therefore, reviewing the record as a whole, the ALJ's conclusion -- that Plaintiff's medical evidence of record provides a basis for discounting her subjective pain testimony -- is not well-founded. Thus, on remand, the ALJ must re-evaluate Plaintiff's credibility.

### 3. Whether the Appeals Counsel improperly declined review of the ALJ's decision.

Plaintiff argues the Appeals Counsel ("AC") erred in its consideration of the additional evidence submitted after the ALJ's decision. (Doc. 16, pp. 22-25). According to Ingram v. Comm'r of Soc. Sec. Admin., when a Plaintiff submits additional evidence to the AC and argues to the court that the AC erred in denying review, a district court must determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 496 F.3d 1253, 1262, 1266 (11th Cir. 2007).

Here, as discussed above, the ALJ's decision is not supported by substantial evidence because he failed to properly consider Dr. Pham's opinions and Plaintiff's subjective complaints of pain. Because the Court is remanding the case for the ALJ to re-evaluate these issues, it will direct the ALJ to consider the additional evidence presented to the AC while on remand.

## IV. CONCLUSION

For the reasons stated herein, the Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** the matter to the ALJ with instructions to: (1) properly consider the opinion of Plaintiff's treating physician, Dr. Pham, and accord it proper weight; (2) re-evaluate Plaintiff's credibility; (3) consider the additional evidence presented to the AC and discuss what, if any, weight he gives this evidence; and (4) conduct any other proceedings deemed appropriate. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration. **However, this Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  28th  day of August, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record